NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TIMOTHY W., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, T.W. *Appellees*.

No. 1 CA-JV 18-0184
FILED 9-25-2018

Appeal from the Superior Court in Mohave County
No. S8015JD201700072
The Honorable Douglas Camacho, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Autumn Spritzer
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

---

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1        Timothy W. ("Father") appeals from the termination of his parental rights to his son, T.W. [1] He argues that the superior court erred by concluding that termination was in the child's best interests. Because reasonable evidence supports the superior court's findings, we affirm.

## BACKGROUND

¶2        Father is the biological parent of the child, born in August 2010. The boy lived with his mother ("Mother") in Utah until July 2017, when Mother sent him to stay with his paternal grandmother ("Grandmother") in Arizona. There, the child disclosed to Grandmother that he was being physically abused in Mother's home.

¶3        After the boy's disclosure, Grandmother reported the abuse to the Department of Child Safety, which initiated an investigation. The boy disclosed to a DCS investigator that he was afraid to return to Mother's care because Mother's boyfriend had physically abused him. He also disclosed that Mother knew of the abuse and sometimes participated or thanked her boyfriend for disciplining him. The investigator then contacted Father, who indicated that he was unable to care for his child because of his housing and financial restraints. Father also told the investigator that he had a history of substance abuse with methamphetamine and marijuana, and that he had used both within the past month.

¶4        The superior court found the child dependent as to Father in November 2017. DCS offered rehabilitative services to Father, including drug testing, parenting classes, and supervised visits. Father did not participate in any of the offered services.

¶5        At the request of DCS, the superior court changed the case plan to severance and adoption and, in April 2018, the superior court held

---

[1]        Mother is not a party to this appeal.

a contested termination hearing. At that time, although the boy had been living with Grandmother, DCS temporarily placed him in foster care because of allegations of inappropriate discipline by Grandmother.[2] The removal and new placement of the boy caused him to misbehave and become very emotional. Because of the disruption in the child's placement, Father requested a continuance, which the superior court denied.[3]

¶6　　　　At the termination hearing, DCS personnel testified to the boy's disclosure of the abuse inflicted on him while in Mother's care, as well as Father's substance abuse and failure to participate in DCS services. A case manager testified that Grandmother was willing to adopt her grandson, and that DCS hoped to return the boy to her. The case manager explained that the boy wanted to live with Grandmother but if adoption by Grandmother was not possible based on the allegations against her, the boy was a loving, funny, and sweet child who was otherwise adoptable. Finally, the case manager testified that termination of Father's parental rights was in the child's best interests because Father failed to participate in services offered by DCS and had not addressed his substance abuse.

¶7　　　　The superior court terminated the parental rights of both parents. Specifically, the superior court terminated Father's parental rights under Arizona Revised Statutes ("A.R.S.") § 8-533(B)(3), finding by clear and convincing evidence that he was unable to discharge his parental responsibilities due to a history of chronic drug abuse. The court also found by a preponderance of the evidence that termination of Father's parental rights was in the boy's best interests. The court reasoned that termination would benefit the child by enabling adoption by Grandmother or an alternative caregiver, which would provide permanency and stability.

## DISCUSSION

¶8　　　　To terminate parental rights under A.R.S. § 8-533(B), the superior court must find that a statutory ground exists by clear and convincing evidence. A.R.S. § 8-537(B). The court must also find by a preponderance of the evidence that termination is in the child's best interests. A.R.S. § 8-533(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, 288, ¶¶ 41-42 (2005). Here, Father does not challenge the statutory ground for termination

---

[2]　　　At a July 2018 review hearing, DCS informed the superior court that the boy is again placed with Grandmother and she is in the process of adopting the child.

[3]　　　Father does not appeal this ruling.

of his parental rights; he argues only that the superior court erred by finding that termination was in the child's best interests.

**¶9** As the trier of fact in a termination proceeding, the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004). We therefore view the evidence and all reasonable inferences in the light most favorable to affirming the superior court's order, *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2002), and will reverse only if no reasonable evidence supports its factual findings, *Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 287, ¶ 16 (App. 2016). "We do not reweigh the evidence." *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009).

**¶10** A determination that termination of parental rights is in a child's best interests must include a finding either that the child will benefit from termination or that the child will be harmed by the continuation of the relationship. *Raymond F. v. Ariz. Dep't. of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 30 (App. 2010). Evidence that an adoptive placement is immediately available or that a child is otherwise adoptable can provide a basis (improved permanency and stability) for determining that the child will benefit from termination. *Id.*

**¶11** Here, Father argues termination was not in the boy's best interests because he was not in an adoptive placement at the time of the hearing and had recently suffered emotional trauma upon being removed from Grandmother's home. But the court found that regardless of the child's current placement, another adoptive placement could be located. This finding is supported by testimony from the DCS case manager that the boy is adoptable. Thus, reasonable evidence supported the superior court's finding that termination was in the child's best interests.

**CONCLUSION**

**¶12** For the foregoing reasons, we affirm the superior court's termination order.



AMY M. WOOD • Clerk of the Court
FILED: AA